# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0071V
UNPUBLISHED

| | |
|---|---|
| ELSIE MCKAY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 12, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On January 5, 2021, Elsie McKay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria and acellular pertussis ("Tdap") vaccine received on April 26, 2018. Petition at 1. Petitioner further alleges that the Tdap vaccine was received in the United States, her symptoms have lasted for more than six months, and neither Petitioner nor any other party has filed an action or received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at ¶¶ 2, 21-23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 12, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner had no history of pain or dysfunction in her right shoulder prior to the Tdap vaccine; pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality would explain petitioner's symptoms." *Id.* at 10. Respondent further agrees that "given the medical records outlined [in the Rule 4(c) Report], the statutory six month sequelae requirement has been satisfied . . . . [and] petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master